Moreno-Velasquez v. Garland

BIA
Christensen, IJ
A206 711 341

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-one.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

MARICELA DEL CARMEN MORENO-
VELASQUEZ,
>       *Petitioner,*

>       v.                                                19-641
>                                                         NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,*
>       *Respondent.*

_____

FOR PETITIONER:            Bruno Joseph Bembi, Hempstead, NY.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:**   Ethan P. Davis, Acting Assistant Attorney General; Song Park, Acting Assistant Director; Madeline Henley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Maricela Del Carmen Moreno-Velasquez, a native and citizen of El Salvador, seeks review of a February 14, 2019, decision of the BIA affirming a November 28, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maricela Del Carmen Moreno-Velasquez*, No. A206 711 341 (B.I.A. Feb. 14, 2019), *aff'g* No. A206 711 341 (Immig. Ct. N.Y. City Nov. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing

2

adverse credibility determination for substantial evidence).

Moreno-Velasquez applied for asylum, withholding of removal, and CAT protection, and she listed her daughter as a derivative beneficiary. Moreno-Velasquez alleged that a gang member named Chele threatened to harm her daughter. Chele was a rival of now-deceased Selvin Flores, Moreno-Velasquez's former partner and father of her daughter. At a 2016 hearing, Moreno-Velasquez and her daughter conceded removability, and her daughter proceeded to file an application for Special Immigrant Juvenile status. At a 2017 hearing, the IJ denied Moreno-Velasquez relief from removal on credibility grounds, among others, and severed her daughter's case.

We find no error in the IJ's adverse credibility determination. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). " We defer . . . to an IJ's credibility determination unless, from the totality

3

of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the agency's determination that Moreno-Velasquez was not credible.

The agency reasonably relied on a series of inconsistences between, and omissions from, Moreno-Velasquez's statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Moreno-Velasquez was inconsistent about why her relationship with Selvin ended, her communications with neighbors and family members about Selvin's gang status, her reason for not reporting Chele's behavior to the police, and her interactions with Chele. She also omitted from her application any mention of Chele seeing her daughter outside the child's school. The "cumulative effect" of these discrepancies provides substantial support for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Moreover, the agency was not compelled to credit Moreno-Velasquez's explanations, some of which were inconsistent and not responsive. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than

4

offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)); *Hong Fei Gao*, 891 F.3d at 79 (explaining that agency "evaluate[s] each inconsistency or omission in light of the 'totality of the circumstances'" (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))). While we have cautioned against overreliance on minor omissions, the IJ reasonably concluded that Chele's threat to kill anyone who reported him to the police was a fact that a credible petitioner would have included in her application. *See Hong Fei Gao*, 891 F.3d at 78 (holding that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose").

Having questioned Moreno-Velasquez's credibility, the agency reasonably relied on her failure to rehabilitate her testimony with any individualized corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate

5

testimony that has already been called into question."). As the IJ pointed out, apart from general country conditions evidence, Moreno-Velasquez had no evidence to corroborate her claim, such as letters from Selvin's sister or her neighbors, who allegedly informed her of Selvin's gang activities and Chele's threats.

Given the multiple discrepancies and lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–67. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). We therefore do not reach the agency's alternative determinations. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, Moreno's petition for review

6

is DENIED.  The pending motion for a stay is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court